## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Nick Charkov     Plaintiff,  v.  Ack Fusion, Inc. and, Rekha Thapa Basnet, *individually*,     Defendants. | Civil Action No.:1:25-cv-12040 |

## COMPLAINT AND JURY DEMAND

### INTRODUCTION

The Plaintiff brings this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. and Mass. General Laws c. 149, §§ 148, 148B and 150 ("Wage Act").

The Plaintiff, a former employee of a restaurant owned and operated by Defendants, regularly worked in excess of forty (40) hours per week but, in blatant disregard for state and federal law, was not paid wages at an overtime premium; further, the Plaintiff was required to work for free for a period of his employment and denied payment for all compensable working time.

### JURISDICTION AND VENUE

1. This action arises under the laws of the United States, the FLSA, 29 U.S.C. §§ 201 et seq. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1331.

2. Venue is appropriate in the District of Massachusetts as all of the events and omissions giving rise to this claim occurred herein.

### PARTIES

3. Plaintiff Nick Charkov ("Charkov"), a resident of Nantucket Massachusetts during all times relevant, was employed by the Defendants from March 2025 through through June of 2025 at "Easy Street Restaurant," a restaurant in Nantucket, Massachusetts owned and operated by the Defendants.

4.  Defendant Ack Fusion, Inc. (the "Company") a Massachusetts corporation with a principal place of business at 31 Easy Street, Nantucket, Massachusetts.  At all times relevant to this complaint, the Company has engaged in "interstate commerce" under the FLSA because its restaurant has combined annual gross sales of at least $500,000.00 for the previous three years, and it employs individuals engaged in interstate commerce.

5.  Defendant Rekha Thapa Basnet ("Basnet") is President and Director of the Company.  He resides at 2 Hancock Street, Quincy, Massachusetts.  The Defendant Basnet, based on information and belief, is the individual in charge of policies and procedures related to the payment of wages at the Company.

**FACTS**

6.  The Defendants own and operate the "Easy Street Restaurant," a restaurant in Nantucket Massachusetts, which opened in May of 2025.

7.  Prior to the grand opening of the restaurant, the Defendants hired the Plaintiff to perform various tasks related to setting up the bar and restaurant - including developing branding, suppliers, ordering, and marketing.

8.  Silva was employed by the Defendants from March of 2025 through June of 2025 (the "Employment Period").

9.  The Company agreed to furnish Charkov with wages on an hourly basis.

10. The Company agreed to furnish Charkov with wages at a rate of $32.00 per hour.

11. The Company agreed to reimburse Charkov for his housing costs during the Employment Period

12. During the month of March of 2025 the Plaintiff worked tirelessly each week and was not furnished with at least the statutory minimum wage for all compensable working time.

13. Charkov regularly worked in excess of forty (40) hours per week during the Employment Period.

14. Charkov was not furnished with an overtime premium for each and every hour he worked in excess of forty (40) during each of those workweeks when he worked overtime hours.

15. The Company owes Charkov wages at an overtime premium rate pursuant to the FLSA.

16. The Company owes Charkov wages at his regular rate of pay pursuant to the Massachusetts Wage Act.

17. The Company never furnished Charkov with the promised funds to reimburse him for his housing expenses.

18. When the restaurant opened to the public in May of 2025, Charkov worked as a bartender and service worker, again, working in excess of forty (40) hours per week.

19. When the restaurant opened to the public in May of 2025, Charkov's pay did not match his time records.

20. When Charkov inquired about the lack of housing reimbursement, the lack of overtime premiums, and the inaccuracy of his hourly pay, Basnet responded by text message stating,

    "Nick, i understand your frustration
    Housing will be set by monday. They
    Are painting the appartment [sic]...You desrve [sic] all the pay.
    Your pay will be fair and well calculated"

21. On June 18, 2025, the Company terminated the Plaintiff's employment (the "Termination Date").

22. On the Termination Date, the Company owed the Plaintiff wages.

23. The Company did not furnish the Plaintiff with all his earned wages, nor his final paycheck on the Termination Date.

24. On June 24, 2025, the Company furnished the Plaintiff with a payment of wages.

25. Charkov filed a wage and hour complaint with the Fair Labor Division of the Massachusetts Attorney General's Office to commence a private action against the Defendants for violations of Massachusetts Wage and Hour Laws, and received a Private Right of Action Letter.

## CAUSES OF ACTION

### COUNT I – Fair Labor Standards Act, 29 U.S.C. § 207 et seq.

26. The previous paragraphs are re-alleged and incorporated by reference.

27. The FLSA provides that employers such as the Defendants must compensate

    employees such as the Plaintiff at a rate of at least time and one half for hours worked over forty in a week.

28. Plaintiff worked over forty hours per week for the Defendants who willfully failed to pay him overtime, in violation of the FLSA.

29. The FLSA provides that employers must furnish employees such as the Plaintiff with wages for all compensable working time.

30. The Defendants violated the FLSA for willfully failing to furnish the Plaintiff wages for all compensable working time.

31. Both Defendants are "employers" of the Plaintiff under the FLSA because they directly controlled company policy related to the payment of wages.

### COUNT II – Mass Wage Act, Mass. General Laws. c. 149, §§ 148, 150

32. The previous paragraphs are re-alleged and incorporated by reference.

33. Mass. General Laws c. 149, § 148, 150, requires employers to pay employees for time worked no later than six days following the end of a pay period in which wages are earned, and employees who are discharged from employment must be paid in full on the day of discharge.

34. The Defendants violated Mass. General Laws c. 149, § 148 by failing to timely pay the Plaintiff wages due.

35. The Defendants violated Mass. General Laws c. 149 § 148 by failing to ensure the Plaintiff made at least the statutory minimum wage for all hours worked.

36. Both Defendants are "employers" of the Plaintiff under the FLSA because they directly controlled company policy related to the payment of wages.

### REQUESTS FOR RELIEF

WHEREFORE, the Plaintiff request that the Court:

1. Award the value of wages and other benefits;
2. Award liquidated damages and attorney's fees under the FLSA;
3. Award triple damages and attorney fees under Mass. Gen. Law. c. 149, § 150;
4. Award any Other Relief as the Law and Justice requires.

### PLAINTIFF DEMANDS A TRIAL BY JURY

5

          PLAINTIFF,
          By his attorney,
          /s/ Michael J. Bace, Esq.
          Michael J. Bace, Esq. (BBO
          BACE LAW GROUP, LLC
          PO Box 9316
          Boston, MA 02114
          508-922-8328
          mjb@bacelaw.com

7/21/25